IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANE G. REED | § | |
| | § | |
| VS. | § | CIVIL NO.4:02-CV-188-Y |
| | § | |
| CITY OF ARLINGTON, ET AL. | § | |

**ORDER OF REFERRAL FOR MEDIATION
NO LATER THAN APRIL 16, 2007, AND ORDER APPOINTING MEDIATOR**
[with special instructions to the clerk]

On March 13, 2007, the parties to this cause attended a status conference with the Court, whereupon, it was agreed that this matter should be, and it is hereby, **REFERRED FOR MEDIATION** to be conducted at a mutually agreeable time and location **no later than April 16, 2007.**

The parties have agreed on a mediator and it is hereby **ORDERED** that Steven A. Felsenthal, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201; phone: (214) 969-4908; facsimile: (214) 969-4999; and email address: **felsenthal@sbep-law.com**, should be, and is hereby, **APPOINTED AS MEDIATOR.** Counsel for each party shall contact the mediator within seven days of receiving a copy of this order to make arrangements for the mediation proceedings.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential and privileged from discovery. After mediation, the Court will be advised by the mediator, parties and counsel only that the case did or did not settle. The mediator shall not be a witness nor shall the mediator's records be subpoenaed or used as evidence.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to Mediator, and shall be taxed as costs.  Each party and its counsel shall be bound by the Rules for Mediation, attached as Exhibit A hereto, and shall complete such information forms as are furnished by Mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement.

No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

Counsel and parties shall proceed in a good faith effort to resolve this case during the mediation proceedings.  No later than **March 30, 2007**, the parties shall agree upon a mediation date **no later than April 16, 2007**.  If no agreed date can be scheduled, then Mediator shall select a date and all parties shall appear as directed by Mediator.

The mediator shall notify the Court, in writing, regarding the outcome of mediation immediately upon conclusion of the mediation proceedings.  If the parties' differences are resolved by mediation, an agreed motion to dismiss signed by counsel for all parties shall be filed no later than twenty days after the conclusion of the mediation proceedings.

A mediation evaluation form has been attached as Exhibit B to this order.  Counsel for each party shall complete the evaluation

form after the conclusion of the mediation proceedings and return the form to the Court no later than **the tenth day following mediation**.

The Mediator, as a condition to accepting appointment, is directed to complete the Alternate Dispute Resolution Summary attached as Exhibit C to this order and **electronically**[1] **file same with the clerk of the Court** no later than **the tenth day following mediation**.

Failure to comply timely with this order will result in the appropriate sanctions, including entry of dismissal or default judgment without further notice.

Further, it is **ORDERED** that the clerk of this Court forward a copy of this order and a copy of the Court's docket sheet in this cause to the mediator via mail, facsimile or email at the addresses or phone numbers set forth above.

SIGNED March 13, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] This case has been assigned to the Electronic Case Filing system and once assigned, all pleadings must be filed electronically.  If Mediator is unable to electronically file the ADR Summary form, Mediator should return the form to Plaintiff's counsel for filing with the clerk in compliance with paragraph 4 of the ECF Assignment Order.

EXHIBIT A
TO
ORDER OF REFERRAL FOR MEDIATION

RULES FOR MEDIATION

1. **Definition of Mediation.**  Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them.  The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. **Agreement of Parties.**  Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3. **Consent to Mediator.**  The parties consent to the appointment of the individual named as mediator in their case.  The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4. **Conditions Precedent to Serving as Mediator.**  The Mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation.  Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties.  In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5. **Authority of Mediator.**  The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties.  The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement.  If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice.  Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6. **Commitment to Participate in Good Faith.**  While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7. **Parties Responsible for Negotiating Their Own Settlement.**  The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them.  The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties.  The Mediator does not warrant or represent that settlement will result from the mediation process.

8. **Authority of Representatives. PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT.**  The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9. **Time and Place of Mediation.**  The Mediator shall fix the time of each mediation session.  The mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10. **Identification of Matters in Dispute.**  Prior to the first scheduled mediation session, each party shall provide the Mediator and all attorneys of record with an Information Sheet and Request for Mediation on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved.

    At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented.  The Mediator may require any party to supplement such information.

11. **Privacy.**  Mediation sessions are private.  The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12.     **Confidentiality.**  Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator.  All records, reports or other documents received by a mediator while serving in that capacity shall be confidential.  The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.  Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorneys' fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding:  a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute;  b) admissions made by another party in the course of the mediation proceedings; c) proposals made or views expressed by the Mediator; or  d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

13.     **No Stenographic Record.**  There shall be no stenographic record of the mediation process.

14.     **Termination of Mediation.**  The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or  c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

15.     **Exclusion of Liability.**  The Mediator is not a necessary or proper party in judicial proceedings relating to mediation.  Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

16.     **Interpretation and Application of Rules.**  The Mediator shall interpret and apply these rules.

17.     **Fees and Expenses.**  The Mediator's daily fee shall be agreed upon prior to mediation and shall be paid in advance of each mediation day.  The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.

**MEDIATION EVALUATION FORM**

CASE NUMBER & STYLE:      4:02-CV-188-Y; *DIANE G. REED VS. CITY OF ARLINGTON, ET AL.*

MEDIATOR'S NAME:      Steven A. Felsenthal

DATE OF MEDIATION: _____      FEES CHARGED FOR MEDIATION: $_____

1. Did your case settle at the conclusion of the mediation proceedings?
   Yes, all issues were settled \_\_\_\_      A partial settlement was reached \_\_\_\_
   No \_\_\_\_

   If your case did not settle, were the issues for trial narrowed as a result of the mediation proceedings?
   Yes \_\_\_\_
   No \_\_\_\_

2. Do you believe that the mediator was able to fully grasp the issues in your case and the positions of the parties?_____ If not, please explain: _____
   _____
   _____

3. Did the mediator act in an unbiased, professional, and pleasant manner? _____  If not, please explain:
   _____
   _____
   _____

4. As a result of your experience with this mediator, would you be willing to engage in mediation again in another case?
   _____
   _____
   _____

5. Do you recommend that the Court continue to refer cases to this mediator?  If not, why not (your answer will be confidential)?_____
   _____
   _____

Thank you for taking the time to complete this form.  Please feel free to make additional comments on a separate page and attach it to this form.  **DO NOT FILE THIS FORM WITH THE CLERK OF COURT.**  Return this form after the mediation proceedings have concluded to:

>Brenda Eberle
>Judicial Assistant
>201 United States Courthouse
>501 West 10th Street
>Fort Worth, TX  76102

SUBMITTED BY:_____  COUNSEL FOR: _____
(Please Print)

EXHIBIT B TO ORDER OF REFERRAL FOR MEDIATION - Page Solo

UNITED STATES DISTRICT COURT
Northern District of Texas

**Alternate Dispute Resolution Summary**

1. Style of case:   *DIANE G. REED VS. CITY OF ARLINGTON, ET AL.*

2. Civil action number:   4:02-CV-188-Y          2a.  Date of Mediation: _____

3. Nature of suit:_____

4. Method of ADR used: ____ Mediation     ____ Mini-Trial ____ Summary Jury Trial

5. Did the case settle?   ____ Before ADR ____ In ADR    ____ Did Not Settle

6. What was your total fee?_____

7. Please list persons in attendance (including party association, i.e., defendant, plaintiff):

   (Provider)_____            _____

   _____                      _____

   _____                      _____

   _____                      _____

   _____                      _____

8. Please provide the names, addresses, and telephone numbers of counsel:

   Name:_____                         Name:_____

   Address:_____                        Address:_____

   _____                                _____

   Phone:_____                         Phone: _____

   Name:_____                         Name:_____

   Address:_____                        Address:_____

   _____                                _____

   Phone:_____                         Phone: _____

_____          _____
Signature of Provider                             Date

_____          _____
Address                                           Phone

_____          EXHIBIT "C" TO MEDIATION ORDER  -- Page Solo

**PROVIDER MUST ELECTRONICALLY FILE COMPLETED FORM
WITH THE U.S. DISTRICT CLERK NO LATER THAN THE TENTH DAY FOLLOWING MEDIATION,
IF UNABLE TO DO SO, RETURN FORM TO PLAINTIFF'S COUNSEL FOR FILING.**