IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANE G. REED | § | |
| | § | |
| V. | § | ACTION NO. 4:02-CV-188-Y |
| | § | |
| CITY OF ARLINGTON | § | |

MEMORANDUM OF DECISION

The United States Court of Appeals for the Fifth Circuit remanded this case to this Court for a redetermination of damages. After a nonjury trial on damages, the Court enters the following findings of fact and conclusions of law. *See* FED. R. CIV. P. 52(a).

I. BACKGROUND

Former plaintiff Kim Lubke began working for defendant City of Arlington's Fire Department in 1978. Lubke participated in Arlington's pension plan through the Texas Municipal Retirement System and in a 401(k) savings plan. The pension plan required employees to contribute 7% of their gross income. Arlington matched employee contributions two to one. The 401(k) plan was voluntary and allowed an employee to contribute up to 10% of his gross income. Arlington matched 401(k) contributions 50 cents for every dollar contributed up to 6% of the employee's salary.

After missed work and attempted to take sick leave for a few days around December 31, 1999,[1] Arlington fired Lubke on April 19, 2000. On January 31, 2001, Lubke elected to take retirement status so he could receive his retirement benefits. Under the pension plan, Lubke elected to receive a lump-sum payment of $105,153.12, all of which is solely attributable to contributions

---
[1] Because of anticipated electronic problems surrounding the year 2000, Arlington developed contingency plans that ensured full staffing from December 31, 1999, through early January 2, 2000. The contingency plans curtailed Arlington's normal sick-leave policies during this time.

he made from his salary. Combining the remaining $51,192.70 of his paid-in contributions with the sum attributable to Arlington's contributions to the pension plan—$312,691.64—Lubke funded an annuity that began yielding monthly payments in February 2001. Lubke withdrew all of the 401(k) funds, including Arlington's contribution amounts[2]: $223,657.07. Additionally, Arlington paid Lubke $4,756.76 for unused sick and vacation time accrued at the time of his termination.

In February 2002, Lubke sued Arlington for violations of the Family Medical Leave Act ("the FMLA"). In April 2004, a jury found that Arlington had violated the FMLA and had wrongfully discharged Lubke. For damages, the jury concluded that Lubke was entitled to $286,281.00 for lost wages and salary and $109,113.00 for lost employment benefits. On May 13, 2004, this Court entered judgment for Lubke for these amounts and awarded postjudgment interest, $300,000.00 in liquidated damages, and $305,291.91 in attorney's fees.

The United States Court of Appeals for the Fifth Circuit affirmed the jury's finding of liability, but reversed and remanded "the entire damage award." This Court was tasked with (1) considering an offset for Arlington's portion of Lubke's annuity payments he received after his termination and (2) redetermining the actual replacement cost for Lubke's lost insurance benefits. *See Lubke v. City of Arlington*, 455 F.3d 489, 498-99 (5th Cir. 2006). On rehearing, the Court of Appeals, having discovered that Lubke had filed for bankruptcy on June 10, 2005, but had failed to disclose his judgment against Arlington to the bankruptcy court, ordered this Court to "determine in the first instance . . . whether judicial estoppel applies." *See Lubke v. City of Arlington*, 473 F.3d 571, 571 (5th Cir. 2006) (per curiam order on reh'g). On February 29, 2008, this Court, after a hearing, concluded that although Lubke is judicially estopped from collecting any money from the

---

[2]The amount attributable to Arlington's contributions to Lubke's 401(k) plan was $60,068.07.

judgment, the bankruptcy estate[3] is not estopped from pursuing or collecting on the judgment, a position now supported by a circuit panel opinion. *See Kane v. Nat'l Union Fire Ins. Co.*, No. 07-30611, 2008 WL 2721157, at *4-6 (5th Cir. July 14, 2008) (per curiam). The Court must now turn to the proper award of damages.

## II. DAMAGES[4]

First, because Reed now does not seek damages for the loss of health and dental insurance, this Court will not consider an award for Lubke's loss of those benefits. Regarding Lubke's pension-plan annuity and 401(k)-plan payments, Arlington is entitled to an offset for its portion of the payments it made to Lubke between the day he was wrongfully terminated, April 19, 2000, and the day of trial, April 15, 2004 ("the damages period"). Lubke did not claim or prove damages after that. The Fifth Circuit instructs that any award for Lubke's lost wages and benefits must be reduced by the amounts Lubke received during the damages period under his pension and 401(k) plans that are attributable to Arlington's payments to those plans while he was employed. This is so because, by being awarded all of the wages he would have earned and all of the benefits he would have accrued during the damages period, Lubke is made whole. If he is also allowed to retain benefits paid to him as a retiree during the damages period, he is made more than whole. In other words, Lubke cannot receive the wages and benefits of employment and, at the same time, receive the benefits of retirement. Thus, Lubke must cough up, as an offset against his award, the retirement benefits he received during the damages period that are attributable to Arlington's contributions. *See Lubke*, 455 F.3d at 499-500.

---

[3] Plaintiff Diane G. Reed is the trustee for the bankruptcy estate and was substituted as the proper plaintiff for this case on August 14, 2006.

[4] Exhibit A to this memorandum details the damages award for lost wages, lost benefits, and liquidated damages, and sets out the applicable offsets.

3

At trial, Reed and Arlington presented evidence solely regarding the proper amount of offset, if any, to an award of lost wages and benefits based on the benefits payments Lubke received during the damages period. There was no evidence or argument at the damages retrial that the jury's basic conclusion regarding the amount of lost wages should be disturbed. Thus, this Court will start with the assumption that Lubke was entitled to a total award for lost wages of $286,281.00.

Had he remained employed, Lubke also would have received 14% of these wages in pension-plan contributions from Arlington[5] and 3% of these wages in 401(k) contributions during the damages period.[6] This results in lost retirement-plan benefits of $48,667.77. Although Lubke also would have accrued leave and sick time during the damages period, there is no evidence of the quantity of this time or what it would have been worth. Although Reed referred this Court to an entry in an exhibit showing a calculation for "Other Benefits," this amount is not segregated and is indecipherable. Combining lost wages with lost benefits results in a total pre-offset damages total of $334,948.77.

Arlington requests that the lost-benefits award be offset by the amount of the payment Lubke received after his termination for his unused leave time. But because this Court was unable to determine the dollar value of Lubke's leave and sick time that he would have accrued from his first day of employment up to the date of the jury's verdict, no award for lost leave and sick time was included in the lost-benefits calculation. Thus, the payment Lubke received for his accrued leave and sick time to his date of termination is not a double recovery.

However, because Lubke additionally received retirement payments during the damages period, the amount of Arlington's contributions included in Lubke's post-termination, retirement-

---

[5] $40,079.34

[6] $8,588.43

4

plan payments must be deducted from the lost-benefits award. As Arlington showed at the damages retrial, payments to Lubke attributable to Arlington's contributions to Lubke's pension-plan payments were $71,968.63, and to the 401(k)-plan payment were $60,068.07. The total of these offsets is $132,036.70. This results in a total damage award for lost wages and benefits of $202,912.07.[7]

Regarding liquidated damages, this Court originally awarded as liquidated damages approximately 76% of the total awarded for lost wages and benefits. The Court concludes that such a reduced percentage remains appropriate and awards $154,087.93 as liquidated damages. *See* 29 U.S.C.A. § 2617(a)(1)(A)(iii) (West 1999); May 13, 2004, Order at 4-7. Additionally, the damages award is subject to postjudgment interest at the statutory rate. *See* 28 U.S.C.A. § 1961(a) (West 2006); May 13, 2004, Order at 8. But prejudgment interest and equitable damages are not warranted. May 13, 2004, Order at 7-8.

## III. CONCLUSION

Based on the evidence adduced at this Court's July 8, 2008, trial on damages, the Court awards damages for Lubke's lost wages of $286,281.00 and lost benefits of $48,667.77. This award is reduced, however, by the retirement benefits Lubke received during the damages period that are attributable to Arlington's contributions to Lubke's pension and 401(k) plans—$132,036.70. Further, liquidated damages are awarded in the amount of $154,087.93. Any claim for costs or attorneys' fees must be presented under the dictates of Rule 54. *See* FED. R. CIV. P. 54(d).

SIGNED August 8, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ah

---

[7]$334,948.77 - $132,036.70 = $202,912.07.

5

EXHIBIT A

| Damages Type | Award Amount |
|---|---|
| Lost wages | $286,281.00 |
| Lost benefit: Arlington's contributions to pension plan during the damages period | $40,079.34 |
| Lost benefit: Arlington's contributions to 401(k) plan during the damages period | $8,588.43 |
| Offset for Arlington's contribution amount included in Lubke's post-termination pension-plan payments | ⟨$71,968.63⟩ |
| Offset for Arlington's contribution amount included in Lubke's post-termination 401(k)-plan payment | ⟨$60,068.07⟩ |
| Total damages award for lost wages and benefits, including offsets | $202,912.07 |
| Liquidated damages | $154,087.93 |
| Grand total of damages award | $357,000.00 |