IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANE G. REED | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO.4:02-CV-188-Y |
| CITY OF ARLINGTON, ET AL. | § | |

ORDER GRANTING ATTORNEY'S FEES AND COSTS

Pending before the Court is Plaintiff Diane G. Reed's motion [doc. #255] for attorneys' fees and costs in this Family and Medical Leave Act ("FMLA") case. For the reasons set forth below, the Court GRANTS the motion.

I. Background

Kim Lubke was a twenty-two year veteran of the City of Arlington Fire Department when he was terminated on April 19, 2000, in violation of the FMLA. Lubke filed suit against the City and, following a ten-day trial, was awarded a judgment in excess of one million dollars for lost wages and benefits, liquidated damages, attorney fees, and court costs. The City appealed the judgment on September 29, 2004.

While the appeal was pending before the court of appeals, Kim Lubke and his wife, Debbie, filed for bankruptcy under Chapter 7 of the Bankruptcy Code on June 10, 2005. The Lubkes did not disclose this lawsuit or the judgment on their bankruptcy schedules. The Lubkes received a no-asset discharge and the bankruptcy was closed in September 2005.

On June 30, 2006, the court of appeals affirmed in part and reversed in part the judgment of this Court. *See Lubke v. City of*

*Arlington,* 455 F.3d 489, 500 (5th Cir. 2006). The court of appeals agreed that the City violated the FMLA but reversed the award of damages and remanded the case to this Court for further proceedings to recalculate damages. *Id.*

Thereafter, the City and Lubke entered into settlement negotiations. On July 31, 2006, the City communicated an offer of judgment under Federal Rule of Civil Procedure 68 to Lubke's attorney, Roger Hurlbut.[1] Hurlbut called Lubke to inform him of the City's offer. It was at this point that Hurlbut learned of the Lubkes' bankruptcy proceedings and their failure to disclose Kim's judgment in his FMLA case to the bankruptcy court. Hurlbut began to investigate the matter and concluded that the bankruptcy trustee must be contacted and that the judgment must be disclosed as an asset of the bankruptcy estate.

Hurlbut determined that Diane Reed had been appointed trustee of the bankruptcy estate. He immediately notified Reed's attorney of the judgment and the offer from the City. Pursuant to an agreed motion between Reed and Lubke, the bankruptcy court reopened the Lubkes' bankruptcy case on August 10, 2006. On that same day, Reed filed a motion with this Court to substitute herself as the real party in interest and she sent the City her written acceptance of the City's offer of judgment under Rule 68.

In conjunction with reopening his bankruptcy case, Lubke filed amended bankruptcy schedules disclosing his suit against the City and his judgment. The City filed a petition for a rehearing before the court of appeals two days prior to Reed's acceptance of the

---

[1] Hurlbut represented Lubke in regard to his FMLA case against the City. Hurlbut did not represent Lubke at his initial bankruptcy.

City's offer. When it learned of Lubke's bankruptcy from Reed's acceptance of its Rule 68 offer of judgment, the City sought leave from the court of appeals to raise the issue of Lubke's bankruptcy and to argue that his claim should be deemed judicially estopped.

Reed filed a complaint with the bankruptcy court to revoke the Lubkes' discharge. The Lubkes answered and later agreed with Reed to a judgment revoking the bankruptcy discharge. At a hearing before the bankruptcy court, the bankruptcy judge informed the Lubkes that their discharge was going to be revoked. Despite this, the Lubkes still agreed to a judgment revoking their discharge.

On December 22, 2006, the court of appeals denied the City's petition for a rehearing. The court of appeals then issued its mandate directing this Court to "determine in the first instance, with an evidentiary hearing if necessary, whether judicial estoppel applies." *Lubke v. City of Arlington,* 473 F.3d 571 (5th Cir. 2006)(order denying petition for rehearing). In an order issued February 29, 2008, this Court concluded that Lubke was judicially estopped from collecting or receiving any money from the judgment against the City. The order of estoppel was specific to Lubke and did not apply to his bankruptcy estate.

In accordance with the court of appeals's ruling, additional proceedings were held in regard to damages on July 8, 2008. By final judgment of the Court, Lubke was awarded a total of $357,000. Reed then filed this motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 29 U.S.C. § 2617(a)(3).

II. Attorneys' Fees and Costs Under the FMLA

Under 29 U.S.C. § 2617(a)(3), "[t]he court in [an action under the FMLA] shall, in addition to any judgment awarded to the plaintiff, allow . . . reasonable attorney[s'] fee[s] . . . and other costs of the action to be paid by the defendant." The United States Court of Appeals for the Fifth Circuit uses a "lodestar" method to calculate attorneys' fees. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* Once the "lodestar" figure is determined, the Court may increase or decrease the lodestar based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). Those factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d 717-19.

Because the parties arguments do not focus on the *Johnson* factors, the Court will only briefly address them. In their affidavits, Hurlbut and Singer & Levick assert that they spent

1,304 and 693.6 hours on this case, respectively. Hurlbut billed his hours at between $225 and $275 per hour and Singer & Levick billed most of their attorneys' hours at similar rates. These fees appear to be customary in the North Texas area. Their records are thorough and leave no reason for the Court to suspect that these large accumulations of billed hours asserted by the attorneys are unfounded. This is especially so given the unusual number of post-judgment and post-appeal motions filed by the City. Hurlbut, a solo practitioner, claims to have been forced to refuse cases because of the amount of time spent on this case. Both Hurlbut and the attorneys for Singer & Levick seem to be well-reputed in the community and to have competently performed in this case. The other *Johnson* factors appear to have no significant bearing on this motion. Indeed, the parties' arguments focus on other considerations.

On May 13, 2004, following the initial trial on the merits, in an instrument entitled "Order Regarding Attorneys' Fees," this Court awarded Lubke $305,291.91 in attorneys' fees for the work performed by Hurlbut. Reed, as the current real party in interest, now seeks to have this amount, as well as additional attorneys' fees, awarded to her in order to compensate Hurlbut. As for the amount awarded in the order of May 13, 2004, Reed argues that the award of attorneys' fees was not appealed by the City and, therefore, cannot now be challenged under the mandate rule and the law-of-the-case doctrine.

The mandate rule is a variation of the law-of-the-case doctrine, and "bars litigation of issues decided by the district

court but foregone on appeal or otherwise waived . . . ." *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004). The City fails to directly address this argument in its brief and apparently challenges only the award of attorneys' fees in excess of those awarded in the Order Regarding Attorneys' Fees. Therefore, because this Court has already evaluated these fees under the lodestar framework, making appropriate reductions to the lodestar figure, and because the City does not challenge this award, the Court GRANTS Reed attorneys' fees in the amount of $305,291.91.

Reed also requests attorneys' fees incurred since the May 13, 2004, date of the Order Regarding Attorneys' Fees. Specifically, she requests $245,208.10 for the services of Roger Hurlbut and $173,225.50 for the services of Singer & Levick, PC. As to Hurlbut, the amount requested represents fees incurred while handling post-trial matters for Lubke, as well as fees incurred while this action was on appeal. Reed has specifically excluded from her request on behalf of Hurlbut any amounts incurred by Hurlbut after September 25, 2006, a date falling less than three weeks after Hurlbut was required to appear before the Fifth Circuit to address the issue of judicial estoppel and eighteen months before this Court deemed Lubke judicially estopped from personally recovering in his FMLA case. As to Singer & Levick, the amount requested represents amounts incurred as a result of representing Reed while this action was on appeal, as well as amounts incurred during post-remand litigation.

The City initially argues that any amounts requested by Reed for work performed by Hurlbut after the May 13, 2004, Order

6

Regarding Attorneys' Fees must be denied because Lubke is judicially estopped from recovering damages in this action. The City further argues that these amounts should be reduced because they include amounts that were unnecessarily incurred and, as well, to reflect Reed's limited success on appeal and remand.

A district court may adjust the lodestar figure to account for the extent of success achieved by the plaintiff. *See Hensley*, 461 U.S. at 436; *Romaguera v. Gegenheimeri*, 162 F.3d 893, 896 (5th Cir. 1998) ("In awarding attorneys' fees, the district court is required to consider not only the product of the hours worked multiplied by the billing rate, but also whether the plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of success."). The City contends that because it was successful in various aspects of this case, including its appeal of the amount of damages awarded following the initial trial on the merits, its efforts to judicially estop Lubke from recovering under any judgment in this case, and its efforts to avoid enforcement of its rule 68 offer of judgment, the attorneys' fees claimed by Reed should be reduced. Yet Reed notes that the only claim made by Lubke, an alleged violation of the FMLA, was upheld on appeal. Therefore, Reed is correct in her contention that this is not a situation in which a significant reduction of attorneys' fees is justified because the plaintiff advanced multiple alternative grounds for recovery but was only successful on some. *See Pruett v. Hams County Bail Bonds*, 499 F.3d 403, 418 (5th Cir. 2007). Further, the Fifth Circuit has "declined to adopt a rule of proportionality between damages and

7

attorney's fees." *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000). Nevertheless, a low damage award relative to the amount of attorneys' fees requested is still a factor a district court may consider in reducing fees. *Id.*

The City next contends that because Lubke is judicially estopped from recovery, his attorney is judicially estopped from recovering attorney's fees. The City is correct in its observation that Lubke, as Hurlbut's client, will not be directly recovering under the FMLA. Yet, as was noted in this Court's order finding Lubke judicially estopped from receiving any part of the judgment, the City did violate the FMLA. In light of this violation, the City's request for a take-nothing judgment was denied. Similarly, the City is not entitled to avoid, based on Lubke's conduct, attorneys' fees it would otherwise have to pay. As was true with regard to the City's take-nothing argument, regardless of Lubke's actions the City still violated the FMLA. Further, the policy that underlies an award of attorneys' fees--allowing those who could not otherwise pursue legal action to do so--is still advanced in this case.

Moreover, the estoppel order was narrowly tailored to apply only to Lubke as an individual. There was no finding of wrongdoing on the part of Hurlbut. Finally, the City cites no authority for the proposition that the attorney of one who is judicially estopped from recovery may not be awarded fees as a matter of law.

In a related argument, the City argues that much of the fees requested in Reed's motion were unnecessary in that they are the result of redundant efforts by Hurlbut and Singer & Levick to

address matters that arose only because Lubke failed to disclose his judgment in the bankruptcy proceedings. In making adjustments to the lodestar figure, a district court may consider the necessity of the claimed attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting under 42 U.S.C. § 1988 claim for attorneys' fees the district court should exclude amounts not "reasonably expended"). Among the matters the City claims resulted in unnecessary attorneys' fees are the dispute over the City's offer of judgment, the reopening of the bankruptcy case, and the City's assertion of judicial estoppel. The City contends that the expense of litigating the offer of judgment could have been avoided had Reed simply allowed the City to withdraw the offer after the pending bankruptcy was disclosed. As it relates to Lubke's failure to disclose the judgment to the bankruptcy proceedings, the City apparently argues that a withdrawal was justified in light of the fact that it made the offer without knowledge of the bankruptcy proceedings.[2] Similarly, the City contends that the litigation concerning its defense of judicial estoppel resulted from Lubke's failure to disclose the judgment to the bankruptcy court. Because the attorneys' fees related to these aspects of this litigation could have been avoided had Lubke properly disclosed the judgment to the bankruptcy court, the City contends they were unnecessary and thus not recoverable.

---

[2] There has been no express finding as to the correctness of this argument. As was explained in the Court's order of June 20, 2007, although the mandate issued by the Fifth Circuit did not directly deal with Reed's ability to enforce the City's Rule 68 offer of judgment, the issue was implicitly ruled on in favor of the City. Thus, it is as a result of the mandate rule, and not of the merits of the City's argument, that the Rule 68 motion was not enforced.

Reed responds that attorneys' fees related to the bankruptcy proceedings have been removed from the amounts requested. Moreover, as noted above, no claim is asserted on behalf of Hurlbut for any work done after the case was remanded by the Fifth Circuit. This alleviates concerns about fee claims based on overlapping efforts by Hurlbut and Singer & Levick relating to the offer-of-settlement and judicial-estoppel issues. Reed also contends that it was the City that raised judicial estoppel as an affirmative defense and it was the City that refused to go through with the offer of judgment, which resulted in additional litigation. Most important to the resolution of this motion for attorneys' fees, any unnecessary litigation in regard to these matters was not created through any fault of Singer & Levick. And, while Hurlbut represented Lubke at all times relevant to this motion, it does not appear that he contributed to Lubke's failure to disclose the FMLA judgment to the bankruptcy court either. Thus, while the City is correct in its contention that additional and otherwise unnecessary litigation was created by Lubke's failure to fully disclose in the bankruptcy court, if any attorney is to bear responsibility for this failure and have his fees reduced as a result, it is Lubke's bankruptcy counsel, not Hurlbut or Singer & Levick. *Cf. Hensley*, 461 U.S. at 434 (noting a request for attorneys' fees should be limited to those fees an attorney could bill a client for).

Therefore, the Court, after reviewing the affidavits, the arguments, and the *Johnson* factors, concludes that the attorneys should receive the amount of fees requested, with a 10% reduction to account for amounts the Court finds unreasonable and

unnecessary, for the relatively low recovery in light of the fees sought, and for lack of billing judgment. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (finding no abuse of discretion where district court reduced fee award based on failure to write-off excessive and unproductive time). Thus, Reed is entitled to $220,687.29 for Hurlbut's attorneys' fees in addition to the amount awarded to her based on the May 13, 2004, Order Regarding Attorneys' Fees. Reed is also awarded $173,225.50 for Singer & Levick's attorneys' fees.

As for costs, again Reed notes that by this Court's order of May 13, 2004, Hurlbut's costs in the amount of $9,575.68 were awarded. This was not challenged on appeal, nor does the City address this amount in its brief. Thus, this amount, with interest accruing at the rate of 1.63 percent per annum after May 13, 2004, is awarded to Reed. Reed requests the award of additional costs incurred since the May 13 order in the amounts of $6,139.68 by Hurlbut and $12,302.21 by Singer & Levick.

The affidavit of Todd Hoodenpyle, an attorney with Singer & Levick, lists the various costs incurred by the firm in this litigation. Among the requests for costs made by Hoodenpyle is a request to recover $9,501.81 in "other expenses." "[T]he discretion given district judges [by Rule 54(d)] to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Additionally, "the preferred exercise of discretion [is] to exclude from an award of costs those items not specifically mentioned in the statute." *Hodge v. Seller*,

558 F.2d 284, 287 (5th Cir. 1977). In her reply, Reed asserts that $1,500.20 of the $9,501.81 is for photocopying. Without a showing of necessity, expenses for copying are not to be taxed as costs. *Holmes ex rel. Estate fo Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Further, without knowing what specific costs make up the balance of the request for "other expenses" the Court declines to award the other amount requested thereunder.

As for the costs claimed by Hurlbut, the City points out that $882.91 of the claimed costs are for travel expenses and $1,376.42 are for computerized legal research charges. Neither of these claims are allowable. *See Jensen v. Lawler*, 338 F. Supp. 2d 739, 746 (S.D. Tex. 2004); *Embotelladora Agral Regio-Montana v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997). Additionally, postage, fax, long distance call, and delivery expenses are not recoverable. *Sharp Capital, Inc.*, 952 F. Supp. at 418. After reducing the requests for costs by these amounts, Reed is awarded $1,099.57 for costs incurred by Hurlbut in addition to the $9,575.68 previously awarded. Reed is also awarded $2,800.40 for costs incurred by Singer & Levick.

III. CONCLUSION

In light of the foregoing, Reed's motion for attorneys' fees and costs is GRANTED. Accordingly, it is ORDERED that Reed is awarded $305,291.91 in attorneys' fees and $9,575.68 in costs incurred by Hurlbut as of May 13, 2004, with interest accruing at the rate of 1.63 percent per annum beginning May 13, 2004. Reed is also awarded $220,687.29 in attorneys' fees for work done by

12

Hurlbut after May 13, 2004, as well as costs of $1,099,57, interest to accrue at a rate of 1.69 percent per annum from the date of this order. Reed is further awarded a total of $155,902.95 in attorneys' fees for services performed by Singer & Levick, as well as $2,800.40 in costs, interest to accrue at a rate of 1.69 percent per annum from the date of this order.

SIGNED October 7, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE